UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CAROLINA DOOR CONTROLS, INC.,

    Plaintiff,

v.

                                                      Case No. 8:07-cv-269-T-24 EAJ

PAUL ANDERTON, ET AL.,

    Defendants.
_____/

**O R D E R**

This cause comes before the Court on two motions: (1) Plaintiff's Emergency Motion for Preliminary Injunction (Doc. No. 2), which Defendants oppose (Doc. No. 12); and (2) Defendants Motion to Dismiss Counts II and IV (Doc. No. 22), which Plaintiff opposes (Doc. No. 26).

**I.  Motion for Preliminary Injunction**

Plaintiff's Emergency Motion for Preliminary Injunction was considered by the United States Magistrate Judge, pursuant to a specific order of referral (Doc. No. 4).  Magistrate Judge Jenkins has filed her report (Doc. No. 24) recommending that the motion be granted in part and that a preliminary injunction be issued.  (Doc. No. 24).  All parties were furnished copies of the Report and Recommendation and were afforded the opportunity to file objections pursuant to 28 U.S.C. § 636(b)(1).  Objections to the Magistrate's Report were filed by Defendants.  (Doc. No. 36).

Upon consideration of the Report and Recommendation and Defendants' objections thereto, and upon this Court's de novo review of the record, including the transcript of the hearing before Judge Jenkins, it is determined that the Report and Recommendation (Doc. No.

24) should be adopted and the preliminary injunction set forth in the Report and Recommendation be issued.

## II.  Motion to Dismiss

In their motion, Defendants move to dismiss Count II (Plaintiff's request for injunctive relief) and Count IV (tortious interference with business relationship).  The Court denies the motion to dismiss Count II, as the Court has granted the motion for a preliminary injunction. Additionally, upon review of Count IV, the Court denies the motion to dismiss Count IV, as it does not appear beyond doubt that Plaintiff can prove no set of facts in support of its tortious interference claim that would entitle it to relief.

## III.  Conclusion

Accordingly, it is now **ORDERED AND ADJUDGED** that

(1) Plaintiff's Emergency Motion for Preliminary Injunction (Doc. No. 2) is **GRANTED** to the extent set forth in this Order.

(2) The Magistrate Judge's Report and Recommendation (Doc. No. 24) is adopted and incorporated by reference in this Order of the Court.

(2) A preliminary injunction is issued as follows:

    A. For a period of one year following the date of this injunction, Defendant Anderton is prohibited from working for Orange State or any other person or company engaged in the sale, installation, repair, and maintenance of manual or automatic doors and related products in the following Florida counties: Citrus, Hernando, Pasco, Pinellas, Hillsborough, Manatee, Sarasota, DeSoto, Charlotte, Glades, Lee, Hendry, and Collier;

      B.      Defendants Anderton and Orange State are prohibited from divulging any of Plaintiff's trade secrets or confidential information learned during Anderton's employment with Plaintiff, specifically information pertaining to Plaintiff's pricing methods, customer lists, and profits and losses;

      C.      Defendants Anderton and Orange State are required to immediately return to Plaintiff any of Plaintiff's trade secrets or confidential information in their possession, specifically information pertaining to Plaintiff's pricing methods, customer lists, and profits and losses;

      D.      For a period of one year following the date of this injunction, Defendant Anderton is prohibited from soliciting, either directly or indirectly, any of Plaintiff's customers, vendors, or employees;

      E.      For a period of one year following the date of this injunction, Orange State is prohibited from soliciting, either directly or indirectly, any of Plaintiff's customers who were not also customers of Orange State's prior to March 8, 2007; and

      F.      Plaintiff is required to post a $100,000 bond by April 25, 2007.

(3)    Defendants Motion to Dismiss Counts II and IV (Doc. No. 22) is **DENIED**.

(4)    Plaintiff's Motion for Expedited Discovery (Doc. No. 10) is **DENIED AS MOOT**.

**DONE AND ORDERED** at Tampa, Florida, this 20th day of April, 2007.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
The Honorable Elizabeth A. Jenkins
Counsel of Record